UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theron Johnny Maxton, # 85599-071, | ) C/A No. 9:12-3512-MGL-BM |
| Petitioner, | ) |
| v. | ) **Report and Recommendation** |
| T. H. Tozza Rhodes, *Warden FCI Florence*;<br>Charles Samuels, *BOP Director Washington DC*, | ) |
| Respondents. | ) |

Petitioner is a federal inmate at FCI-Florence in Florence, Colorado.  Petitioner is a *former* inmate of the South Carolina Department of Corrections.  He has submitted a Section 2241 Petition and raises one ground.  In that ground, Petitioner contends that his federal sentences began 1989, when he was convicted of his first federal crime.  Petitioner seeks immediate release from federal prison.[1]  Petitioner's contention appears to be based on an exhibit indicating that his sentence

---

[1] In the District of South Carolina, Petitioner has also been placed under various pre-filing injunctions with respect to medical-dental care cases and sexual abuse cases, which are not relevant or applicable to the above-captioned habeas corpus action. *See*, *e.g.*, the Order of the Honorable David C. Norton, United States District Judge, in *Theron Johnny Maxton v. Tyrone Murray, et al.*, Civil Action No. 0:00-3343-DCN-BM, on November 16, 2000:

> Mr. Maxton is the strikeout king of South Carolina.  He has more strikeouts than Nolan Ryan.  In the past decade Plaintiff has filed over one hundred separate cases, most of which have been determined to be frivolous.  As the result of Plaintiff's proclivity to file frivolous claims and as noted by the Magistrate Judge, Plaintiff has been subject to an order of pre-filing review as to medical and dental cases since 1996.  Now that Plaintiff has moved on to allegations of sexual abuse and since he has filed two cases with similar allegations in the period of three days, it is appropriate to extend the existing Order of Pre-Filing Review to sexual abuse claims.

(continued...)



"began" on November 6, 1989 (ECF No. 1-1 at page 5). On November 6, 1989, Petitioner was an inmate of the South Carolina Department of Corrections.

Petitioner's exhibits reveal that on April 6, 2012, Petitioner filed a Request for Administrative Remedy (No. 684532-F1), which was denied by the Warden on April 20, 2012 (ECF No. 1-1, at page 2). The Regional Director denied Petitioner's appeal on May 17, 2012 (ECF No. 1-1 at page 3). Although Petitioner has not provided a copy of the final disposition by the Central Office of the Federal Bureau of Prisons, Petitioner has checked the "YES" box to Question 12(d) of the Section 2241 Petition, which would indicate that he appealed to the BOP's Central Office.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147,

---

[1](...continued)
(Order [ECF No. 8] of Judge Norton in Civil Action No. 0:00-3343-DCN-BM, at second page). Petitioner filed a Notice of Appeal in Civil Action No. 0:00-3343-DCN-BM, but his appeal was not successful. On January 8, 2001, the United States Court of Appeals for the Fourth Circuit dismissed the appeal in Civil Action No. 0:00-3343-DCN-BM (Fourth Circuit Docket No. 00-7730) pursuant to Fourth Circuit Rule 45 for failure to prosecute.

     In *Theron Johnny Maxton v. Samuel Duckette, et al.*, Civil Action No. 0:01-3532-DCN-BM, Petitioner on October 17, 2001, was limited to one (1) pending "life in danger" case in the District of South Carolina (ECF No. 18).



1151 (4th Cir. 1978).  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even when considered under this less stringent standard, however, it is clear for the reasons set forth hereinbelow that the United States District Court for the District of South Carolina does not have personal jurisdiction over the Warden of FCI-Florence, and that a transfer of the Petition to the proper District for disposition is therefore required.

In *United States v. Theron Maxton*, Criminal No. 3:89-169 and Criminal No. 3:89-305 (D.S.C.), Petitioner, then an inmate of the South Carolina Department of Corrections, was convicted, in separate prosecutions, of mailing threatening letters to the Honorable Charles W. Gambrell, United States Magistrate Judge.  The two cases were consolidated on appeal in *United States v. Maxton*, 940 F.2d 103 (4th Cir.), *cert. denied*, *Maxton v. United States*, 502 U.S. 949 (1991).  In *United States v. Theron Maxton*, Criminal No. 3:97-490-1 (DSC), Petitioner was convicted of four counts of mailing threatening communications to two (2) federal judges (the Honorable Charles E. Simons, Jr., Senior United States District Judge, and the Honorable Joseph R. McCrorey, United States Magistrate Judge).  Petitioner was sentenced to various concurrent and consecutive terms for a total of one hundred fifty (150) months by the Honorable Dennis W. Shedd, (then) United States District Judge.  Petitioner's convictions were affirmed on direct appeal in *United States v. Maxton*, 182 F.3d 911 [Table], 1999 WL 436291 (4th Cir. June 29, 1999).  On January 24, 2005, Petitioner filed a Section 2255 action with respect to his convictions in Criminal No. 3:97-490-1.  *See Theron Maxton v. United States*, Civil Action No. 3:05-0231-MJP.  On November 27, 2005, the Honorable



Matthew J. Perry, Jr., Senior United States District Judge, granted summary judgment to the United States. No appeal was filed in Civil Action No. 3:05-0231-MJP.

Information disclosed in one of Petitioner's prior cases, *Maxton v. United States*, Civil Action No. 9:08-47-DCN-BM,[2] which was filed on January 8, 2008, indicates that Petitioner's official max-out date for his sentence in the South Carolina Department of Corrections was February 17, 2008. In Civil Action No. 9:08-47-DCN-BM, Petitioner sought a writ of mandamus to direct the United States Marshals Service to take him into custody so that he could begin serving his federal sentences. However, in a Report and Recommendation filed in Civil Action No. 9:08-47-DCN-BM on February 1, 2008, the undersigned apprised Petitioner that he had to complete service of his state sentence before he could begin serving his federal sentences:

> Since the petitioner will not "max out" his SCDC sentence until Sunday, February 17, 2008, the above-captioned case is not yet "ripe." Until after February 17, 2008, the petitioner will continue to be in a *Whittlesey*-type situation. *See Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir.), *cert. denied*, 498 U.S. 922 (1990). In *Whittlesey*, the Court, when addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida[.]
>
> * * *
>
> The petitioner, while serving a sentence in the South Carolina Department of Corrections, committed federal crimes for which he was convicted and sentenced. The petitioner cannot begin

---

[2]On this Court's Case Management-Electronic Case Filing system (CM-ECF), Civil Action No. Civil Action No. 9:08-47-DCN-BM originally was Civil Action No. 0:08-47-DCN-BM.



>serving his federal sentences until he completes his remaining two weeks in the South Carolina Department of Corrections.

(Report and Recommendation [ECF No. 13] filed in Civil Action No. 9:08-47-DCN-BM, at pages 3–4). On February 29, 2008, the Honorable David C. Norton, Chief Judge, adopted the Report and Recommendation in Civil Action No. 9:08-47-DCN-BM. Petitioner's exhibits in the above-captioned case indicate that Petitioner was actually released from the South Carolina Department of Corrections on February 1, 2008,[3] and taken into federal custody to serve his federal sentences. One of Petitioner's exhibits (ECF No. 1-1 at page 5) indicates that Petitioner must serve a total of three hundred thirty-five (335) months in federal prison. Through this § 2241 Petition, Petitioner seeks to have an earlier release date credited, allowing his immediate release.

A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–500 (1973). In *Norris v. State of Georgia*, 522 F.2d 1006 (4th Cir. 1975), the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana. The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. *Norris v. State of Georgia*, 357 F. Supp. 1200

---

[3] The South Carolina Department of Corrections sometimes releases inmates whose sentences expire during a month on the first day of that particular month. *See Bennett v. Byers*, Civil Action No. 2:12-742-TMC-JDA, 2012 WL 1416511, at *1 (D.S.C. March 30, 2012) ("Plaintiff contends that he should have been released on February 1, 2012, based on a well-known practice of the South Carolina Department of Corrections to release prisoners on the first day of the month of their scheduled release. According to Plaintiff, his correct scheduled release date was February 9, 2012, and, hence, Plaintiff should have been released on February 1, 2012."), *adopted by* 2012 WL 1416484 (D.S.C. April 24, 2012).



(W.D.N.C. 1973). In affirming in part but reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009 n. 2.

Under the holding in *Norris v. State of Georgia*, the Warden of FCI-Florence in Colorado cannot be reached by service of process issued by the United States District Court for the District of South Carolina. Moreover, the Warden of FCI-Florence cannot be served by mail from the District of South Carolina. *Norris v. State of Georgia*, 522 F.2d at 1009 n. 2. The United States District Court for the District of Colorado, however, has personal jurisdiction over the Warden of FCI-Florence. 28 U.S.C. § 85.

## *Recommendation*

Accordingly, it is recommended that the Court transfer the above-captioned case to the United States District Court for the District of Colorado. *See, e.g., Warren v. Drew*, Civil Action No. 3:10-2087-MBS-JRM, 2010 WL 5804746, at *2 (D.S.C. Nov. 30, 2010) (collecting cases), *adopted*, 2011 WL 573451 (D.S.C. Feb. 14, 2011).

Petitioner's attention is directed to the important notice on the next page.

December 21, 2012                         Bristow Marchant
Charleston, South Carolina             United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

